PROB 12C
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Johnny Haney</u>  Case Number: <u>3:09-00057-02</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>April 26, 2010</u>

Original Offense(s): <u>18 U.S.C. § 1343 Wire Fraud, 18 U.S.C. § 1029 Access Device Fraud, and 18 U.S.C. § 1028A Aggravated Identity Theft</u>

Original Sentence: <u>48 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Commenced: <u>December 20, 2013</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>  Defense Attorney: <u>William Jordan Steed, III</u>

---

### PETITIONING THE COURT

<u> X </u>  To issue a Summons.
<u>    </u>  To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 30th day of October, 2014,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Amanda Michele
U.S. Probation Officer

Place     Nashville

Date     October 30, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|

**1.**      **The defendant shall pay restitution, joint and several with his co-defendant, in the amount of $1,360,315.78, at a rate of 10% of his gross monthly income. The defendant shall pay a $300.00 special assessment.**

According to the most recent report from the U.S. District Court Clerk's office, Mr. Haney paid $250 towards his $300 special assessment, while in the custody of the Bureau of Prisons. Since beginning supervision in December 2013, Mr. Haney has failed to make a payment toward his restitution as ordered, or pay the remaining $50 balance of his special assessment.

**2.**      **The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**

Following his release from incarceration on December 20, 2013, the probation officer informed Mr. Haney of the Metro-Nashville Davidson County ordinance requiring all convicted felons to register within 48 hours of their release from custody. Mr. Haney has been repeatedly instructed, by the probation officer, to report to the booking division at the AA. Birch Building in Nashville, Tennessee, to register in accordance with this county ordinance. Mr. Haney has failed to register as instructed. Each time that the probation officer has inquired as to why he has not registered, Mr. Haney has given various reasons for his noncompliance. He stated that he does not need to register because "they" already have everything "they" need from him.

**3.**      **The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the Probation Office.**

The probation officer met with Mr. Haney on September 5, 2014, to discuss his failure to pay the remaining balance of his special assessment or make any payments toward his restitution. He repeatedly stated he could not find employment due to his convicted felon status and was unable to make payments due to lack of income. During the meeting, Mr. Haney admitted to being employment by United Record Pressing in Nashville, Tennessee, since January 2014. He reported he had not disclosed this information to the probation officer because he was afraid of the probation officer contacting his employer to verify his employment and losing his job. As of today's date, Mr. Haney has failed to provide verification of his employment to the probation officer, as requested. It should be noted that the Probation Office supervises multiple defendants who are presently employed by United Record Pressing.

On multiple occasions, prior to learning of Mr. Haney's employment at United Record Pressing, the probation officer referred him to several temporary agencies who assist convicted felons in obtaining gainful employment. He repeatedly reported to the probation officer, when questioned about his job search status, that he was unable to be hired due to being a convicted felon.

**Compliance with Supervision Conditions and Prior Interventions:**
Johnny Haney is reportedly employed and lives with his wife and children in Nashville, Tennessee. Mr. Haney began his term of supervised release on December 20, 2013, and his supervision is due to terminate on December 19, 2016.

A report was submitted to the Court on June 3, 2014, regarding Mr. Haney's violations of failure to pay his restitution, as ordered by the Court, and for his failure to register as a convicted felon in Metro-Nashville Davidson County. Your Honor ordered no action on June 3, 2014, in order to give Mr. Haney more time to secure employment and begin making payments toward his restitution.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Johnny Haney, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JOHNNY HANEY, CASE NO. 3:09-00057-02

**GRADE OF VIOLATION:**      C
**CRIMINAL HISTORY:**      I

**ORIGINAL OFFENSE DATE:**      POST APRIL 30, 2003      PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 3-9 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*[signature]*
Amanda Michele
U.S. Probation Officer

Approved: *[signature]*
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Johnny Haney

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00057 - 2

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 4 / 26 / 2010
   month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall pay restitution, joint and several with his co-defendant, in the amount of $1,360.315.78 at a rate of 10% of gross. Special assessment of $300.00 | C |
| Shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer. | C |
| Shall maintain verifiable employment subject to the approval of the US Probation office and provide any documentation requested by the Probation Office. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — **C**

9. **Criminal History Category** *(see §7B1.4(a))* — **I**

10. **Range of Imprisonment** *(see §7B1.4(a))* — **3 - 9 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Johnny Haney

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) $1,358,687.78                    Community Confinement _____

    Fine($)       _____                    Home Detention         _____

    Other         Special assessment $50.00         Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days